fendant should be allowed to serve his proposed amended answer. The order appealed from will be modified, so as to allow defendant to serve his answer within five days from the entry of an order on this decision, on the payment of taxable costs to date, together with $10 costs of this motion, at the same time stipulating that the cause retain its place on the calendar and be tried when reached; otherwise, order appealed from affirmed, and costs of this appeal in either event to respondent.

FITZSIMONS, C. J., and HASCALL, J., concur.

KINNEY, Appellant, v. REID ICE-CREAM CO., Respondent et al. (Supreme Court, Appellate Division, Second Department. October 5, 1900.) Action by Joseph R. Kinney against the Reid Ice-Cream Company, impleaded with William J. Weller and William M. Reger, defendants. No opinion. Motion to dismiss appeal granted, unless the plaintiff pay $10 costs within five days, and perfect the appeal, so that it may be heard on the 22d inst.

KLINGER, Appellant, v. MARKOWITZ, Respondent. (Supreme Court, Appellate Division, First Department. November 9, 1900.) Action by Louis Klinger, by guardian, against Herman Markowitz. From an order granting defendant's motion to set aside a judgment in favor of plaintiff and awarding a new trial (65 N. Y. Supp. 369), plaintiff appeals. Affirmed. Joseph Wilkenfeld, for appellant. Max Altmayer, for respondent.

O'BRIEN, J. For the reasons stated in the opinion of the court below, the order appealed from should be affirmed, with costs.

PATTERSON and HATCH, JJ., concur.

INGRAHAM, J. (dissenting). The court below granted a new trial of this action upon the ground that one of the witnesses called by the plaintiff in rebuttal testified falsely. His testimony was contradicted, and the questions of fact were submitted to the jury. The court then, upon the affidavits of several persons which tended to show the statement of this witness called by the plaintiff was false, granted a new trial. I know of no principle upon which such an order can be sustained. When the issues in such an action are tried by a jury, their verdict should, I think, be final; and, if they may be retried upon affidavit by the special term, it seems to me that it would be better to have the case originally tried upon affidavits, rather than to go through the useless formality of submitting the question to a jury. I think the order should be reversed.

VAN BRUNT, P. J., concurs.

KNOWLES, Appellant, v. DILLENBECK et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. October 10, 1900.) Action by George W. Knowles against Sylvester P. Dillenbeck, as, etc., and others.

PER CURIAM. It appearing from the record and the concession of counsel in their briefs that two orders had been entered in this action. each of which purports to have been entered upon the decision of the same motion, and each

of which refers to and specifies different papers as having been used upon such motion, but only one of which has been appealed from, we decline to hear the appeal until the proper order has been settled and entered with the approval of Mr. Justice Nash, before whom the motion was heard.

KRUGER v. PERSONS et al. (Supreme Court, Appellate Division, Fourth Department. May Term, 1900.) Action by Edward H. Kruger against Henry H. Persons and another, as, etc.

PER CURIAM. Ordered that the order heretofore entered be corrected, so as to read as follows: "Order refusing leave to discontinue affirmed, with $10 costs and disbursements, and judgment modified, by striking therefrom the words 'upon the merits,' which modification is made upon the ground that the trial court did not have power to dismiss the complaint upon the merits; and the judgment (60 N. Y. Supp. 1078), as thus modified, affirmed, without costs of this appeal to either party. See 57 N. Y. Supp. 416, 1145, and 60 N. Y. Supp. 1071.

KUHN, Respondent, v. SLOTE et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. October 2, 1900.) Action by Charles L. Kuhn against John Slote and another. No opinion. Judgment and order affirmed, with costs. All concur, except McLENNAN, J., who dissents, and LAUGHLIN, J., who did not vote.

LAHEY, Appellant, v. SUPREME COUNCIL OF CATHOLIC MUT. BEN. ASS'N, Respondent. (Supreme Court, Appellate Division, Fourth Department. May Term, 1900.) Action by Hannah Lahey against the Supreme Council of the Catholic Mutual Benefit Association. No opinion. Order affirmed, without costs.

LAIBLE, Appellant, v. NEW YORK CENT. & H. R. R. CO. et al., Respondent. (Supreme Court, Appellate Division, Fourth Department. October 10, 1900.) Action by Elizabeth Laible against the New York Central & Hudson River Railroad Company, impleaded with the Fall Brook Railway Company. No opinion. Order affirmed, with $10 costs and disbursements. See 43 N. Y. Supp. 1003.

LAMBURN, Respondent, v. STATEN ISLAND MIDLAND R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. July 23, 1900.) Action by William Lamburn against the Staten Island Midland Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

In re LANGSLOW. (Supreme Court, Appellate Division, Fourth Department. May Term, 1900.) In the matter of Mary E. Langslow, as executrix, etc. No opinion. Order affirmed, with costs. All concur, except ADAMS, P. J., not voting.

LARY, Respondent, v. PETTIT et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. May Term, 1900.) Action